McBRIDE, Judge.
This case involves an automobile accident which happened on the morning of October 29, 1955, at Foy Street and Norman Meyer Boulevard in New Orleans. Plaintiff’s car, driven by her sister, was proceeding in a northerly direction on Norman Meyer Boulevard and collided with a truck of the defendant corporation which was in charge of the other defendant, its employee. Plaintiff sues the two defendants, in solido, for $207.08, the amount of property damage she sustained.
The petition alleges that' the armored truck was stopped on Foy Street facing the west in such a position that its front end projected into the roadway of Norman Meyer Boulevard and it was negligently started forward striking plaintiff’s passing car. This the defendants deny. In the alternative, a plea of contributory negligence is made, but no consideration need be given thereto in view of our conclusions.
Along Norman Meyer Boulevard there is what is described as the new-type “roll over” curb on each side without a break therein at Foy Street.
Miss Crozat had turned left from Gentilly Road into Norman Meyer Boulevard and was proceeding northerly thereon at- a moderate rate of speed. Just after negotiating the turn, she noticed a car parked to her right and a short distance beyond was the armored truck with its front end protruding over the curb into Norman Meyer Boulevard. When passing the armored truck “something hit,” but she continued onward for about 100 yards before stopping her car. She described the accident thus:
“I was going to the A & P Store and1 there were cars parked right near the back of the library on the side of the library, and something hit and I didn’t know I was hit at first until I realized something must have happened. I must have gotten dizzy or something because my head hurt two days. After I pulled to the curb and got out of the car that’s when I saw they really had hit me.
sjí >|e % ‡ 4*
“When did I realize I was hit, well, I don’t know, I must have realized, I must have gone a good distance before I realized I must have been hit and I got out of the car and looked. I must have been dizzy, I must have gotten dizzy or something, I think I stopped the car right back of the Capitol Store. That’s where I stopped the car.”
Miss Crozat at another point admitted: “I don’t know what happened.”
The defendant driver testified that the truck had been stopped in the position already described for fully a minute and during the whole of that interval he kept his foot on the brake. He explained that the stop was necessitated to permit Mule, a fellow employee, who was in the rear portion of the truck, to enter into his books the amount of money they had received at one of the stores in the neighborhood.
The driver says he was looking to his right, that is to say, in the direction opposite that from which Miss Crozat’s car approached, and did not see her car before the accident. He- was unable to explain what caused the vehicles to come into contact but he stated positively that his truck did not move forward at all. He claims the right side of the Chevrolet scraped his front bumper.
*493 Perhaps Mule could have been able to shed some light on the matter, but unfortunately he is in the Army and unavailable as a witness.
There was not even a remote showing of negligence on the part of the truck driver. It appears to us from the photograph of plaintiff's car in its injured condition that the damage was of a brushing type extending along the entire right side, and this, we think, goes far toward supporting the defense testimony that the Chevrolet scraped the right front bumper of the armored truck.
The judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no' part.